### UNITED STATES v. DOBSON et al.

(District Court, E. D. Pennsylvania. January 13, 1922.)

No. 96.

Indictment and information ☞87 (8)—For conspiracy to defraud Emergency Fleet Corporation held insufficient for uncertainty as to whether entered into after passage of act defining offense.

An indictment charging that defendants conspired on October 23, 1918, and on divers dates before and afterward, to defraud the Shipping Board Emergency Fleet Corporation, in which the United States owned stock, in violation of Criminal Code, § 35, as amended by Act Oct. 23, 1918 (Comp. St. Ann. Supp. 1919, § 10199), held insufficient, in the absence of any certain allegation that the conspiracy was entered into subsequent to the passage of such act.

William M. Dobson, George McCann, Jr., W. John Dubree, Ralph Lovell, and William Burlingham were indicted for defrauding or conspiring to defraud a corporation in which the United States owned stock. Demurrer to indictment sustained.

T. Henry Walnut, Asst. U. S. Atty., and George W. Coles, both of Philadelphia, Pa., for the United States.

Fletcher W. Stites and Owen B. Jenkins, both of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. In the indictment it is attempted to charge an offense under Act Oct. 23, 1918, c. 194, 40 Stat. 1015 (Comp. St. Ann. Supp. 1919, § 10199), which amends section 35 of the Criminal Code, and renders it criminal to defraud or conspire to defraud a corporation in which the United States owns stock. It is charged that Dobson, McCann, and Dubree, as respectively president, treasurer, and salesman of the Marine Decking & Supply Company, and Lovell and Burlingham, as respectively chief engineer and assistant to the chief engineer in the technical division of the United States Shipping Board Emergency Fleet Corporation, conspired on October 23, 1918, and on divers dates before and afterward, to defraud the Fleet Corporation by obtaining and aiding to obtain payment and allowance of false and fraudulent claims. It is charged that the defendants contemplated that the Marine Company would enter into a contract with the Fleet

---

Corporation for furnishing ash ejectors in accordance with specifications prepared by the Fleet Corporation, and that, after the contract was entered into, Lovell and Burlingham would approve changes in the specifications wherein the cost of construction of the ash ejectors and their value to the Fleet Corporation would be reduced, and that the articles would be in accordance with the changes in the specifications; that Lovell and Burlingham would cause them to be approved as if they had been made in accordance with the specifications of the contract; that Dobson, McCann, and Dubree would cause to be submitted vouchers for the ash ejectors made pursuant to the specifications in the contract and claim payment at the price fixed in the contract; that the claims would be false and fraudulent, in that the ash ejectors would be made in accordance with the change in the specifications.

Prior to the passage of the Act of October 23, 1918, the offense charged was not an offense against the United States. Therefore the conspiracy, in order to be proved under that act, must be charged as having been entered into upon a date or dates when the act was effective. The offense is charged as of dates both before and after the passage of the act, and there is nowhere any allegation with any certainty that the conspiracy was entered into subsequent to the passage of the act. From what appears in the indictment, the conspiracy may have been entered into in relation to contracts not in contemplation of the defendants after the passage of the act, but in relation to contracts already made and existing prior to its passage. There is no direct allegation that changes were to be made in the specifications. From what appears in the indictment, the changes in the specifications, if any, were to be made before it was an offense against the United States to conspire to defraud the Fleet Corporation. The same may be said as to the charges of approval of the changes in the ash ejectors at the instance of Lovell and Burlingham. The only date set out with certainty is that of the alleged overt acts on April 17, 1919, as the date when the claims for payment for the ejectors were presented to the Fleet Corporation.

If the government intended to charge a conspiracy made unlawful by the Act of October 23, 1918, entered into thereafter, to defraud the Fleet Corporation in relation to contracts already entered into, changes in specifications already made, and inspection of the articles already approved, prior to the passage of the act, by which conspiracy, coming into existence subsequent to the act, the defendants conspired to obtain from the Emergency Fleet Corporation payments for claims they knew to be fraudulent, an indictment could readily have been drafted upon such charge. The indictment under consideration, however, is vague and uncertain, and does not sufficiently set out an offense to which the defendants can be required to plead.

The demurrer is sustained.